## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| LEE EPTING CATERING, INC. dba ) <br> EPTING EVENTS, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MATTHEW HOLT and SOUTHERN ) <br> THYMES CATERING LLC, ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO: |

## VERIFIED COMPLAINT

COMES NOW Lee Epting Catering Inc. LLC dba Epting Events, Plaintiff in the above-styled civil action, and files this Verified Complaint for injunctive relief and money damages against Defendants Matthew Holt and Southern Thymes Catering LLC (collectively, "Defendants"), showing the Court as follows:

### Parties, Jurisdiction, and Venue

1.

Plaintiff is a limited liability company organized under the laws of Georgia with its principal place of business located at 1430 North Chase Street, Athens, Georgia 30601.

2.

Defendant Matt Holt is a resident of Barrow County, Georgia and may be served with service of process at his residence located at 1000 Haymon Court, Winder, Georgia 30680.

3.

Defendant Southern Thymes Catering LLC is a limited liability company organized under the laws of Georgia and may be served with service of process by serving its registered agent, Matthew Holt, at 1000 Haymon Court, Winder, Georgia 30680.

4.

Defendants are subject to personal jurisdiction in this Court because they are citizens of Georgia.

5.

This court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff is bringing a claim for trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.*

6.

Venue is proper in this Court because Defendants reside in this District and all or some of the acts complained of herein were committed in this District.

**Statement of Facts**

7.

Plaintiff is in the business of event planning and catering.

8.

Plaintiff has spent years developing its business relationships with customers and assembling and procuring its confidential information and trade secrets.

9.

Information regarding Plaintiff's business relationships with major clients, contracts, menu selection, pricing strategy, and operations are only shared with employees who require that information to perform their job duties.

10.

Defendant Matthew Holt was employed with Plaintiff as a General Manager.

11.

As General Manager, Defendant Matthew Holt was responsible for managing relationships with major clients, menu selection, pricing strategy, contracts, and operation.

12.

While working for Plaintiff, Defendant Matthew Holt began planning a business concept that mirrors Plaintiff's.

13.

Defendants used Plaintiff's paid ChatGPT services to outline his plan to launch a competing business, Southern Thyme LLC, and secure one of Plaintiff's clients, Twin Lakes Recovery Center.  A true and accurate copy of Defendants' ChatGPT history on Plaintiff's account is attached hereto as Exhibit "A" and incorporated by reference herein.

14.

Defendant Matthew Holt admits to misappropriating Plaintiff's trade secrets, including, but not limited to, menus, contracts, and other proprietary information to create his business and interfere with Plaintiff's key relationships.  *See* Exhibit "A".

15.

Defendant Matthew Holt intentionally interfered with Plaintiff's business relationships while working for Plaintiff and Defendants continue to do so.

16.

One of Defendant Matthew Holt's critical roles was to garner feedback from clients so that the team could review the feedback and make the necessary adjustments to ensure client satisfaction.

17.

Defendant Matthew Holt failed to provide Plaintiff with critical, client

feedback in an effort to undermine Plaintiff's responsiveness and set clients up for dissatisfaction.

18.

Plaintiff had a contract with Twin Lakes Recovery Center during Defendant Matthew Holt's tenure as General Manager.

19.

Defendant Matthew Holt failed to renew Plaintiff's contract with Twin Lakes Recovery Center causing Twin Lakes Recovery Center's obligations to continue on a month-to-month basis.

20.

Upon information and belief, Defendants informed representatives of Twin Lakes Recovery Center that Plaintiff does not use fresh products when preparing meals.

21.

Upon information and belief, Defendants informed Twin Lakes Recovery Center and additional clients that Plaintiff's owner, Lee Epting, was retiring and winding up business.

22.

Shortly after Defendant Matthew Holt departed Plaintiff, Plaintiff received a

letter from Twin Lakes Recovery Center canceling their business relationship and wishing Plaintiff's owner, Lee Epting, well on his retirement.  A true and accurate copy of the letter from Twin Lakes Recovery Center is attached hereto as Exhibit "B" and incorporated by reference herein.

23.

Due to Defendants' interference with Plaintiff's business relationships, Plaintiff has been damaged.

## Count I – Tortious Interference with Business Relations

24.

Plaintiff incorporates by reference Paragraphs 1 through 23 of its Complaint as if fully stated herein.

25.

Defendants interfered with Plaintiff's business relationships and induced Plaintiff's customers not continue their business relationships with Plaintiff.

26.

Defendants acted with knowledge of Plaintiff's respective relationships between Plaintiff and its customers, without privilege, and with intent to injure Plaintiff.

27.

Defendants actions have proximately caused damage to Plaintiff, including loss of revenue, loss of profit, loss of customers, and improper use of Plaintiff's confidential and proprietary business in Defendants' new and unlawful competing business venture.

**Count II – Defend Trade Secrets Act**

28.

Plaintiff incorporates by reference Paragraphs 1 through 27 of its Complaint as if fully stated herein.

29.

The contents of the pricing structures, menus, and templates created by Plaintiffs' chefs and sales team and taken by Defendants constitute trade secrets of Plaintiff subject to protection under the Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq*. ("DTSA").

30.

The contents of the pricing structures, menus, and templates are valuable because they are not generally known or readily accessible, through proper means, to others who can profit from their use. Plaintiff has spent significant sums, in terms of both financial and human resources, to develop and maintain this information,

which would be of great value to any competitor.

31.

The contents of the pricing structures, menus, and templates are related to products or services used in, or intended for use in, interstate commerce.

32.

Plaintiff takes and, at all times relevant hereto, has taken reasonable measures to maintain the confidential and secret nature of this information. Those steps include: (a) restricting availability of certain confidential information to key employees; (b) physical security measures to protect against the disclosure of sensitive materials to third parties; and (c) IT security measures, such as password protection for all computers and segregation of certain files so that only employees with a need to access the files can do so.

33.

Defendant Matthew Holt took and likely used and/or disclosed (or plans to use and/or disclose) the information contained in these files and data by improper means in violation of his obligations to Plaintiff.

34.

Defendant Matthew Holt engaged in this conduct despite acquiring this information under circumstances giving rise to a duty to maintain the information's

secrecy and limit its use, which duty Defendant Matthew Holt owed and continues to owe Plaintiff as an agent, employee, and representative of Plaintiff.

35.

Defendant Matthew Holt's foregoing conduct constitutes an actual and threatened misappropriation and misuse of Plaintiff's trade secret information in violation of the DTSA.

36.

As a direct and proximate result of Defendant Matthew Holt's actual and threatened misappropriation of Plaintiff's trade secrets, Plaintiff has suffered irreparable harm and will continue to suffer irreparable harm that cannot be adequately remedied at law unless Defendants are enjoined from engaging in any further acts of misappropriation and from continued possession in any form of trade secret information belonging to Plaintiff.

37.

As a direct and proximate result of Defendant Matthew Holt's misappropriation, Plaintiff has suffered and/or will suffer damages and irreparable harm, and is entitled to all damages, attorneys' fees, costs and remedies permitted under the DTSA.

38.

Each of the acts of misappropriation, as alleged herein, was done maliciously by Defendant Matthew Holt, thereby entitling Plaintiff to exemplary damages to be proved at trial and recovery of its attorneys' fees.

### Count III – Georgia Trade Secrets Act

39.

Plaintiff incorporates by reference Paragraphs 1 through 38 of its Complaint as if fully stated herein.

40.

The contents of the pricing structures, menus, and templates created by Plaintiffs' chefs and sales team and taken by Defendants constitute trade secrets of Plaintiff subject to protection under the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 *et seq.* ("GTSA").

41.

Plaintiff derives independent economic value from such information not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

42.

Plaintiff took reasonable precautions under the circumstances to protect its

trade secrets.

43.

Defendant Matthew Holt took and likely used and/or disclosed (or plans to use and/or disclose) the information contained in these files and data by improper means in violation of his obligations to Plaintiff.

44.

Defendant Matthew Holt engaged in this conduct despite acquiring this information under circumstances giving rise to a duty to maintain the information's secrecy and limit its use, which duty Defendant Matthew Holt owed and continues to owe Plaintiff as an agent, employee, and representative of Plaintiff.

45.

As a direct and proximate result of Defendants' actual and threatened misappropriation of Plaintiff's trade secrets, Plaintiff has suffered irreparable harm and will continue to suffer irreparable harm that cannot be adequately remedied at law unless Defendant Matthew Holt and all those acting in concert with him are enjoined from engaging in any further acts of misappropriation and from continued possession in any form of trade secret information belonging to Plaintiff.

46.

As a direct and proximate result of Defendant Matthew Holt's

misappropriation, Plaintiff has suffered and/or will suffer irreparable harm, and is entitled to all actual damages, including pre-litigation attorneys' fees and costs, unjust enrichment damages, attorneys' fees, costs and all other remedies permitted under the GTSA.

47.

Defendant Matthew Holt maliciously misappropriated Plaintiff's trade secrets, thereby entitling Plaintiff to exemplary damages to be proved at trial.

## Count IV – Georgia Computer Systems Protection Act

48.

Plaintiff incorporates by reference Paragraphs 1 through 47 of its Complaint as if fully stated herein.

49.

By accessing Plaintiff's trade secrets and Confidential Information, taking Plaintiff files, and transferring Plaintiff's files to external databases, Defendant Matthew Holt used Plaintiff's computer network and corporate ChatGPT account with knowledge that such use was without authority.

50.

Defendant Matthew Holt used Plaintiff's network with the intention of taking or appropriating Plaintiff's property, notably its confidential pricing information,

menus, and customer lists.

51.

Defendant Matthew Holt's actions constitute computer theft under the Georgia Computer Systems Protection Act, O.C.G.A. § 16-9-93(a) ("GCSPA").

52.

As a direct and proximate result of Defendant Matthew Holt's theft, Plaintiff has suffered or will suffer damages and is entitled to all damages, attorneys' fees, and costs and remedies permitted under the GCSPA.

## Count V – Punitive Damages

53.

Plaintiff incorporates by reference Paragraphs 1 through 51 of its Complaint as if fully stated herein.

54.

By tortiously interfering with Plaintiff's business, Defendants have shown willful misconduct, malice, fraud, wantonness, and an entire want of care so as to raise the presumption of conscious indifference so as to justify the award of punitive damages.

## Count VI – Injunction

### 55.

Plaintiff incorporates by reference Paragraphs 1 through 54 of its Complaint as if fully stated herein.

### 56.

Plaintiff is entitled to a temporary and permanent injunction to restrain Defendant from further interfering with Plaintiff's business relationships and damaging Plaintiff because the Plaintiff have no adequate remedy at law and Defendants interference is causing irreparable harm.

## Count VII – Attorney's Fees

### 57.

Plaintiff incorporates by reference Paragraphs 1 through 56 of its Complaint as if fully stated herein.

### 58.

Plaintiff is entitled to recover its attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 because Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.

WHEREFORE, Plaintiff prays that Plaintiff has the following relief:

(1)    Entry of a preliminary and then permanent injunction enjoining

Defendants from using or disclosing Plaintiff's confidential information;

(2)     An award of money damages in an amount to be proven at trial;

(3)     An award of costs and attorney's fees incurred as a result of Defendants' bad faith and stubborn litigiousness;

(4)     An award of costs and attorney's fees incurred as a result of Defendants' malicious violation of the DTSA, GTSA, and GSCPA;

(5)     An award of exemplary damages for Defendant's malicious violation of the DTSA and GTSA;

(6)     An award of such other relief as equitable and just under the facts set out herein.

Respectfully submitted this 23rd day of October, 2025.

FORTSON, BENTLEY AND GRIFFIN, P.A.

By:     /s/ Johnelle Simpson II
        Johnelle Simpson II
        State Bar No. 926278
        Alex McDonald
        State Bar No:  261161
        *Attorneys for Plaintiff*

2500 Daniell's Bridge Road
Building 200, Suite 3A
Athens, Georgia 30606
(706) 548-1151
jss@fbglaw.com
am@fbglaw.com

4897-1302-5907, v. 1

## VERIFICATION

Personally appeared before the undersigned officer duly authorized by law to administer oaths, Lee Epting as CEO and CFO of Lee Epting Catering, Inc., who, after first being duly sworn, states and deposes that the facts contained in the within and foregoing Complaint are true and correct to the best of his knowledge and belief.

Lee Epting
CEO and CFO

Sworn to and subscribed before me

this 17th day of October , 2025.

Notary Public    Athens-Clarke County
                 Notary Exp: 07/31/2029